ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| FAUSTINO GARCÍA RIVERA<br><br>Recurrido<br><br>v.<br><br>FAUSTINO GARCIA ABISLAIMÁN<br><br>Peticionario | **KLCE202500083** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: CA2022CV01196<br><br>Sobre: Daños y Perjuicios; Enriquecimiento Injusto |
|---|---|---|

Panel integrado por su presidente, el Juez Bonilla Ortíz, el Juez Pagán Ocasio y el Juez Cruz Hiraldo.

Bonilla Ortiz, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico a 18 de marzo de 2025.

Comparece ante este foro el Sr. Faustino García Abislaimán (señor García Abislaimán o "el peticionario") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 24 de enero de 2025. Mediante el referido dictamen, el foro primario permitió que la deposición de la Sra. Dagmar María Rivera Dávila (señora Rivera o "la recurrida") fuera mediante videoconferencia.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** expedir el auto de *certiorari*.

### I.

El 20 de abril de 2022, el Sr. Faustino García Rivera (señor García Rivera) presentó una *Demanda* sobre daños y perjuicios y enriquecimiento injusto en contra

---

[1] Ver Orden Administrativa OATA-2023-198, emitida el 16 de noviembre de 2023.

del señor García Abislaimán.[2]  En esencia, sostuvo que el 30 de octubre de 2013, adquirió un inmueble en el Condominio Palm Beach Tower.  Indicó que desde aproximadamente el año 2014 hasta el 2022, el peticionario ostentó la posesión y disfrute del inmueble, sin embargo, que no realizó los pagos de las utilidades, contribuciones, mantenimiento, derramas y seguros de la propiedad, además de los cánones de arrendamiento.  Por consiguiente, solicitó fuera declarada con lugar la demanda y, en consecuencia:

A. Condenara al Sr. García Abislaimán a satisfacer una suma de **$50,825.49** por concepto de las deudas acumuladas.

B. Compela al Sr. García Abislaimán al pago de una suma de **$109,024.30** por concepto de las reparaciones y/o los menoscabos o daños producidos al inmueble.

C. Condene al Sr. García Abislaimán a satisfacer una suma de **$840,150.21** por concepto de los cánones de arrendamiento dejados de percibir.

D. Condene al Sr. García Abislaimán al pago de las costas, gastos y honorarios que requieran para el demandante la tramitación de esta acción.

E. Emita cualquier otro pronunciamiento que considere procedente.

El 28 de octubre de 2022, el peticionario presentó su *Contestación a Demanda, Reconvención y Demanda contra Tercero*, mediante la cual negó que adeudara suma de dinero alguna.[3]  Sostuvo que, la compra del inmueble se trató de una transacción simulada, puesto que, el señor García Rivera no aportó dinero, ni era el verdadero dueño, sino que, dicha propiedad fue la residencia principal del peticionario, como así lo había reconocido su hijo.

---

[2] *Demanda*, anejo I, págs. 1-6 del apéndice del recurso.
[3] *Contestación a Demanda, Reconvención y Demanda contra Tercero*, anejo II, págs. 7-32 del apéndice del recurso.

De otra parte, presentó una reconvención y demanda contra tercero, en la cual incluyó a la recurrida. Señaló que, la compraventa de la propiedad al tratarse de un negocio simulado procedía su nulidad, y se revirtiera la titularidad del apartamento a los dueños de facto, el peticionario y la recurrida. Por consiguiente, solicitó una compensación por los daños sufridos, así como daños punitivos. En caso de que el foro primario no procediera a anular la escritura de compraventa, solicitó:

> [e]l reconvenido tendría que pagar al Sr. García el valor en el mercado de la propiedad y, además, tendría créditos a su favor por concepto del dinero que aportó para la compra y su correspondiente aumento de valor en el mercado, el valor en el mercado de las remodelaciones, el valor de los enseres, equipos y muebles, los pagos de CRIM, mantenimiento y seguros pagados por el Sr. García durante todos los años en que ocupó la propiedad.

El 6 de junio de 2023, el señor García Rivera presentó su *Contestación a Reconvención*.[4]

Por su parte, el 28 de septiembre de 2023, la recurrida presentó su *Contestación a Demanda Contra Tercero y Reconvención Contra Tercero Demandante Faustino García Abislaimán*.[5] Como parte de sus defensas afirmativas, solicitó que el foro primario tomara conocimiento judicial del caso GB2018CV00033 en el Tribunal de Primera Instancia, Sala de Bayamón, en donde está ventilándose la liquidación del caudal post ganancial y donde hubo una *Orden de Arresto* por desacato civil en contra del peticionario.[6] A su vez, indicó que

---

[4] *Contestación a Reconvención*, anejo III, págs. 33-38 del apéndice del recurso.
[5] *Contestación a Demanda Contra Tercero y Reconvención Contra Tercero Demandante Faustino García Abislaimán*, anejo IV, págs. 39-45 del apéndice del recurso.
[6] Inciso #75 de las *Defensas Afirmativas*. *Íd.*, pág. 42 del apéndice del recurso.

la demanda contra tercero fue presentada para hostigar y oprimirla. Asimismo, sostuvo que no existía una relación causal entre la acción u omisión de la recurrida y los alegados daños sufridos por el peticionario.

Por ello, presentó una *Reconvención*, mediante la cual sostuvo que el peticionario tiene como único propósito hostigarla y oprimirla. A su vez, que el señor García Abislaimán no estaba haciendo uso legítimo del derecho que le provee el ordenamiento a demandar, sino que su propósito era causarle daños. Por consiguiente, solicitó daños emocionales y económicos, los cuales estimaban en no menos de $10,000.00, más costas y honorarios de abogado.

Luego de varias incidencias procesales, el 23 de enero de 2025, la señora Rivera presentó una *Urgente Moción Solicitando Orden para que la Deposición de la Sra. Dagmar Rivera se haga de manera remota sin la presencia en los mismos predios del Demandado Faustino García Abislaimán*.[7] Mediante la cual, solicitó que su deposición pautada para el 21 de marzo de 2025, fuera mediante videoconferencia/zoom, de manera que el señor García Abislaimán pudiera estar presente durante la toma de deposición, pero no en el mismo predio donde estaría la recurrida. Añadió que, es una medida cautelar que busca proteger la seguridad de todos los involucrados.

El 24 de enero de 2025, el peticionario presentó su oposición a la moción de la señora Rivera.[8] En esencia, indicó que no existe un historial de maltrato ni

---

[7] *Urgente Moción Solicitando Orden para que la Deposición de la Sra. Dagmar Rivera se haga de manera remota sin la presencia en los mismos predios del Demandado Faustino García Abislaimán*, anejo VII, págs. 53-54 del apéndice del recurso.
[8] *Oposición a "Urgente Moción Solicitando Orden para que la Deposición de la Sra. Dagmar Rivera se haga de manera remota…"*, anejo IX, págs. 59-65 del apéndice del recurso.

intimidación de parte del peticionario en contra de la recurrida. Sostuvo que, la única razón por la cual la señora Rivera siente temor e incomodidad hacia su persona se debe a que él le ha reclamado y tiene pruebas sobre como ella y el señor García Rivera coludieron para despojarlo de todo. A su vez, que se envió obligado a solicitar una orden de cese y desista de expresiones de incitación y difamatorias hacia su persona en otro de los pleitos, en contra de la recurrida.

En la misma fecha, el foro primario notificó la *Orden* recurrida, mediante la cual concedió la solicitud de la recurrida sobre su deposición por videoconferencia.[9]

En desacuerdo, el señor García Abislaimán presentó una *Urgente Solicitud de Reconsideración de Orden del 24 de enero de 2025 (SUMAC #174)*.[10] Sin embargo, el 28 de enero de 2025, el foro primario notificó una *Orden* mediante la cual denegó la moción de reconsideración.[11]

Aún insatisfecho, el 28 de enero de 2025, el peticionario presentó el *certiorari* de epígrafe, mediante el cual sostuvo los siguientes señalamientos de error:

> ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR UNA ORDEN PROTECTORA IMPIDIENDO LA PRESENCIA DE UNA PARTE SIN TENER ANTE SÍ EVIDENCIA ALGUNA QUE COMPRUEBE Y/O DEMUESTRE EL TEMOR O PELIGROSIDAD QUE RECLAMA LA PARTE QUE SERÁ DEPUESTA.
>
> ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR UNA ORDEN PROTECTORA EN VIOLACIÓN AL DEBIDO PROCESO DE LEY SIN CONSIDERAR LA POSICIÓN DE LA PARTE CONTRARIA CONTRA LA CUAL SE ESTABA SOLICITANDO LA MISMA.

---

[9] *Orden*, anejo VIII, pág. 58 del apéndice del recurso.
[10] *Urgente Solicitud de Reconsideración de Orden del 24 de enero de 2025 (SUMAC #174)*, anejo X, págs. 69-71 del apéndice del recurso.
[11] *Orden*, anejo XI, pág. 72 del apéndice del recurso.

El 12 de febrero de 2025, la señora Rivera presentó su *Oposición a "Petición de Certiorari"*.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

**II.**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

De igual forma, examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

### III.

En el caso de autos, el peticionario alega que erró el foro primario al dictar una orden protectora sin considerar su posición o tener prueba que demostrara la peligrosidad que reclamaba la señora Rivera. Sostiene que, la recurrida no presentó evidencia que demostrara que en algún momento tuviera que acudir ante una autoridad judicial para que expidiera una orden de protección. A su vez, reitera que la señora Rivera no demostró que la presencia del peticionario impidiera que pueda testificar libremente. Así las cosas, alega que el foro *a quo* violó su debido proceso de ley.

Por su parte, la señora Rivera esboza que el foro primario no abusó de su discreción al dictar la orden protectora para que su deposición fuera tomada de forma remota. Añade que, dicho proceso garantiza que participen todas las partes y se mantenga la seguridad de los participantes. Asimismo, resalta que el peticionario no demostró, como la deposición de manera remota perjudicaría su derecho a interrogarla o afectaría el desarrollo del procedimiento. Por lo tanto, solicita se deniegue el recurso de *certiorari* instado por el señor García Abislaimán.

Luego de examinar el expediente ante nuestra consideración, concluimos que no se justifica nuestra intervención con el dictamen recurrido. Ello, pues el peticionario no demostró que el foro primario haya incurrido en abuso de discreción o que haya errado al conceder la orden protectora según solicitada por la señora Rivera. Tampoco estamos ante un caso que amerite nuestra intervención para evitar un fracaso de la justicia.

Así, en el ejercicio de la sana discreción que nos permite la Regla 40 del Tribunal Apelaciones, *supra* resolvemos denegar el presente recurso de *certiorari*.

**IV.**

Por los fundamentos anteriormente expuestos, **DENEGAMOS** la expedición del auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones